United States District Court
Southern District of Texas
**ENTERED**
July 28, 2020
David J. Bradley, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| DEBRA HUNT, | § | Civil Action No. |
| Plaintiff, | § | 4:18-cv-01698 |
| | § | |
| vs. | § | Judge Charles Eskridge |
| | § | |
| MILLENNIUM INFORMATION SERVICES INC, | § | |
| Defendant. | § | |

## Order Adopting
## Memorandum and Recommendation

The objections by Defendant Millennium Information Services Inc to the Memorandum and Recommendation signed by the Magistrate Judge on April 21, 2020 are denied. Dkt 39.

The Memorandum and Recommendation resolved two motions brought by Millennium Information Services. One was for summary judgment on all claims brought by Plaintiff Debra Hunt. Dkt 24. The other was for leave to submit a supplemental declaration in support of its motion for summary judgment. Dkt 30. The Magistrate Judge granted the motion for leave and recommended denying the motion for summary judgment on all claims. Dkt 38.

Millennium Information Services filed timely objections. Dkt 39. It contends that it is entitled to summary judgment on all claims.

A district court reviews *de novo* any conclusions by a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). The court may accept any other portions to which there is no objection if no clear error appears on the face of the

record. See *Guillory v PPG Industries, Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

The Court has reviewed the pleadings, the record, and the applicable law. The Court has also reviewed *de novo* the specific objections by Millennium Information Services to the recommendation of the Magistrate Judge. The objections do not overcome the detailed reasoning of the Memorandum and Recommendation. No other clear error appears.

Millennium Information Services levies at least nineteen separate objections to the Memorandum and Recommendation. Most deal with sufficiency of the summary judgment evidence and findings of material disputes of fact. But it also objects to the failure of the Memorandum and Recommendation to address an administrative-exhaustion argument as to Hunt's Title VII retaliation claim. Dkt 39 at 6–7. The Court addresses this now.

Hunt sued Millennium Information Services for retaliation under Title VII. She did so under a theory of constructive discharge. Dkt 1 at ¶ 24. Millennium Information Services argued in its motion for summary judgment that this claim was barred for failure to exhaust administrative remedies, asserting that Hunt didn't allege a constructive discharge in her EEOC charge. Dkt 24 at 27. It cited in support *Anderson v Venture Express*, 694 F Appx 243 (5th Cir 2017) (unpublished). The Fifth Circuit there upheld the dismissal of plaintiff's retaliation claim for failure to exhaust administrative remedies. Id at 247. It noted in doing so that the plaintiff "failed to exhaust his administrative remedies by failing to include the retaliation claim in his EEOC charge, *either by checking the box or describing retaliation*." Ibid (emphasis added).

Hunt notes in her response that she did check the box for retaliation. Dkt 28 at 23; Dkt 24-8 at 2. And in the first paragraph of her description of the charge she states, "I complained on this issue, which has caused me to be subjected to different terms and conditions." Dkt 24-8 at 2. She later states, "After my complaint, the terms and conditions of my employment changed. I was given assignments that covered several counties; work was less managerial and more labor intensive; and was given submission

2

dates." Ibid. Such facts provide notice of a possible retaliation claim based on constructive discharge. And she continues to rely on these same allegations. This sufficiently alleged retaliation and the issue of her constructive discharge in her EEOC charge to satisfy *Anderson*. The objection by Millennium Information Services regarding administrative exhaustion is overruled.

The Memorandum and Recommendation is ADOPTED as the Memorandum and Order of this Court. Dkt 38.

The objections by Millennium Information Services are OVERRULED. Dkt 39.

SO ORDERED.

Signed on July 28, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge